NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re RICHARD CORNELIUS JACKSON,**
*Petitioner*

---

2024-145

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in Nos. CH-1221-23-0376-W-1 and CH-1221-24-0117-W-1.

---

**ON PETITION**

---

Before REYNA, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

Richard Cornelius Jackson, who has several pending matters before the Merit Systems Protection Board, petitions for a writ of mandamus seeking to compel the Board to issue final decisions on his individual right of action ("IRA") appeals. He also asks for costs. The Board and the Department of Homeland Security ("DHS") oppose.

I.

Since March 2023, Mr. Jackson has filed six appeals at the Board, five of which were assigned to the same

administrative judge ("AJ"), including the two IRA appeals at issue here: CH-1221-23-0376-W-1 ("the 0376 appeal") and CH-1221-24-0117-W-1 ("the 0117 appeal").

Mr. Jackson's 0376 appeal alleges that DHS retaliated against him for his whistleblower activity by unlawfully accessing his consumer credit report and suspending him for five days.  On October 30, 2024, the AJ issued an order concluding that the Board had jurisdiction over at least some of Mr. Jackson's asserted claims, allowing the case to go forward.  Previously, the AJ resolved, among other things, Mr. Jackson's motion for sanctions against DHS, motion for the AJ's disqualification, and request to certify the disqualification ruling for interlocutory appeal.

Mr. Jackson's 0117 appeal alleges that DHS retaliated against him by issuing a punitively low performance appraisal.  Mr. Jackson sought to dismiss the appeal without prejudice, which the AJ denied in February 2024 for failing to show any reasonable basis for such request.  The AJ also denied without prejudice Mr. Jackson's request to join the appeal with the 0376 appeal and reset the deadline to February 22, 2024, to respond to the AJ's order to show why the Board had jurisdiction over the appeal.  Most recently, on November 4, 2024, the AJ directed Mr. Jackson to confirm what claims he intends to advance.

## II.

A writ of mandamus is a "drastic and extraordinary remedy" reserved for "exceptional circumstances."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citations omitted).  "In general, three conditions must be satisfied for a writ to issue."  *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney*, 542 U.S. at 380–81).  First, "the petitioner must demonstrate a clear and indisputable right to issuance of the writ."  *Id.*  Second, "the petitioner must have no other adequate method of attaining the desired relief."  *Id.*  And third, "the court must be satisfied that the writ is appropriate under the circumstances."  *Id.*

This court has recognized that mandamus may be used to compel unlawfully withheld or unreasonably delayed action by the Board. *See, e.g., In re Howard*, 547 F. App'x 999, 1001 (Fed. Cir. 2013); *see also Martin v. O'Rourke*, 891 F.3d 1338, 1345 (Fed. Cir. 2018) (recognizing the use of mandamus more generally for such claims); 5 U.S.C. § 706(1); *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). The standard for granting such relief is demanding, requiring petitioners to show the delay is egregious. *Howard*, 547 F. App'x at 1001 (citing *In re Monroe Commc'ns Corp.*, 840 F.2d 942, 945 (D.C. Cir. 1988)). Mr. Jackson has not made that showing here.

Mr. Jackson argues that the Board "has ignored its purported '120-day standard,'" ECF No. 2-1 at 7, but he has not established a clear and indisputable right to having his IRA appeals decided within that time. To the extent this argument relies on 5 U.S.C. § 7702(a)(1), that reliance is misplaced. That provision is expressly limited to so-called mixed cases and merely permits the filing of a district court case if no final Board decision is reached by that deadline. *See id.* (stating that "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action"); § 7702(e)(1). By contrast, the Board is only expected to issue a decision in IRA appeals "as soon as practicable." 5 U.S.C. § 1221(f).

Nor can we say that any delay in handling Mr. Jackson's appeals here has been so egregious as to warrant mandamus relief, given the number of motions that the AJ has had to resolve since these cases were filed and the recent progress made in the cases. However, we expect that the AJ will expeditiously rule on jurisdiction in the 0117 appeal and issue decisions in both cases in due course. Under the circumstances, the court cannot say that granting Mr. Jackson's request for costs is appropriate.

Accordingly,

4                                                          IN RE JACKSON

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 11, 2024
Date